1   **BRYAN CAVE LLP**
Sean D. Muntz, California Bar No. 223549
2   3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
3   Telephone:    (949) 223-7000
Facsimile:    (949) 437-8808
4   E-Mail:    sean.muntz@bryancave.com

5   **BRYAN CAVE LLP**
David N. de Ruig, California Bar No. 258005
6   Two Embarcadero Center, Suite 1410
San Francisco, CA 94111-3907
7   Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
8   E-Mail:    david.deruig@bryancave.com

9

10  Attorneys for Defendants
JPMORGAN CHASE BANK, N.A and MORTGAGE ELECTRONIC REGISTRATION
11  SYSTEMS, INC.

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15              **CV11-03478 PSG**

16  DELORES MINIX, an individual        Case No.

17              Plaintiff,

18       v.                             **NOTICE OF REMOVAL OF CIVIL
                                        ACTION PURSUANT TO 28 U.S.C. § 1332,
                                        1441(b) and 1446**
19  JPMORGAN CHASE BANK, N.A.;
    MORTGAGE ELECTRONIC REGISTRATION    (Santa Clara County Superior Court Case No.
20  SYSTEMS, INC; NDEX WEST, LLC AND    111CV203051)
    DOES 1-50, inclusive,
21
                                        **[DIVERSITY]**
22              Defendants.

23

24

25

26

27

28

1  **TO PLAINTIFF DELORES MINIX, HER ATTORNEY OF RECORD, AND THE**

2  **CLERK OF THE ABOVE-ENTITLED COURT:**

3      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

4  Defendants JPMORGAN CHASE BANK, N.A. and MORTGAGE ELECTRONIC

5  REGISTRATION SYSTEMS, INC. ("Removing Defendants") hereby remove the above-

6  referenced action filed by Plaintiff Delores Minix ("Plaintiff"), from the Superior Court of the

7  State of California, County of Santa Clara, to the United States District Court for the Northern

8  District of California, and in support of this removal state as follows:

9                          **PROCEDURAL HISTORY**

10     1.     On or about June 14, 2011, Plaintiff filed a Complaint in the Superior Court of the

11 State of California, County of Santa Clara entitled *Delores Minix v. JP Morgan Chase Bank, et al.*,

12 Santa Clara County Case No. 111CV203051. The Complaint asserts a total of seven causes of

13 action against Defendants labeled, *inter alia*, violation of Busines & Professions Code 17200,

14 injunctive relief, violation of Civil Code Section 1572, fraud, intentional misrepresentation,

15 wrongful foreclosure, and quiet title.

16     2.     Removing Defendants were served with the Complaint by process server and

17 receipt on June 15, 2011. A true and correct copy of the Summons and Complaint is attached as

18 Exhibit "1."

19                          **TIMELINESS OF REMOVAL**

20     3.     Removing Defendants were served on June 15, 2011.

21     4.     This Notice of Removal is being filed on July 15, 2011 and is timely under 28

22 U.S.C. § 1446(b). Upon information and belief, Defendant NDEX West, LLC has been served

23 and has consented to this removal.

24                       **BASIS FOR REMOVAL JURISDICTION**

25     5.     This action is a civil action of which this Court has original jurisdiction over the

26 State Court Action under 28 U.S.C. § 1332, and the State Court action may be removed to this

27 Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff and Removing

28 Defendants are citizens of different states and the amount in controversy exceeds the sum of

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

SF01DOCS37827.1

NOTICE OF REMOVAL OF CIVIL ACTION

1 | $75,000.00, exclusive of interests and costs.

2      6.      At the time this action was commenced Removing Defendant JPMorgan Chase

3 | Bank, N.A. was and is now, a national banking association that, according to its Certificate of

4 | Incorporation, has its principal place of business in Delaware. As such, it is a citizen of Delaware.

5      7.      At the time this action was commenced Removing Defendant Mortgage Electronic

6 | Registration Systems, Inc. was and is now a Delaware Corporation with its principal place of

7 | business in Virginia. As such, it is a citizen of Virginia.

8      8.      At the time this action was commenced Defendant Ndex West, LLC was and is

9 | now a Delaware Corporation with no owner or member a citizen of California.

10      9.      At the time this action was commenced Plaintiff Delorex Minix was and is now, a

11 | citizen of California.

12      10.      Thus, Plaintiff and Removing Defendants are citizens of different states for the

13 | purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

14      11.      The amount in controversy in this action, exclusive of interest and costs, exceeds

15 | $75,000.

16                        **PROCEDURES FOR REMOVAL**

17      12.      Exhibit 1 constitutes all process, pleadings, and orders received and obtained by

18 | Removing Defendants in the State Court Action. 28 U.S.C. § 1446(a).

19      13.      Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a copy of this

20 | Notice of Removal with the Superior Court of the State of California for the County of Santa

21 | Clara, and are serving a copy of the same upon counsel for Plaintiff.

22                        **NOTICE TO STATE COURT**

23      14.      A copy of this Notice of Removal is being filed with the Clerk of the Superior

24 | Court for the County of Santa Clara as an exhibit to the Notice of Defendants' Filing of Notice to

25 | Adverse Parties and State Court of Removal of Civil Action to Federal Court being filed in that

26 | court. A copy of the Notice of Removal being filed in state court is attached hereto (without

27 | exhibits) as Exhibit "2."

28 | ///

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

## INTRADISTRICT ASSIGNMENT

15.    Pursuant to Local Rules 3-2(c) and (d), the San Jose division of the Northern District of California has jurisdiction over this Action, because this Action arises in the County of Santa Clara and is being removed from the Superior Court for the County of Santa Clara.

WHEREFORE, Removing Defendants hereby give notice that the above action now pending in the Superior Court of the State of California for the County of Santa Clara is removed in its entirety to this Court.

Dated: July 15, 2011

**BRYAN CAVE LLP**
Sean D. Muntz
David N. de Ruig

By: _____
        David N. de Ruig
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

SF01DOCS37827.1

4

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT 1

**SUMMONS**
*(CITATION JUDICIAL)*

SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

JP MORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; NDEX WEST, LLC and DOES
1-50, inclusive
Defendants

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DELORES MINIX, an individual

FENDORSED
FILED
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

JUN 1 2011

Dist. K. Torrecsk, Clerk of Superior Court
County of Santa Clara, California
By: _____ C.A. Pinacate _____ Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: Santa Clara County Superior Court
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
1 C V 2 0 3 0 5 1

191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

The Law Offices of Wendell J. Jones
1901 S. Bascom Avenue, Suite 333, Campbell, CA 95008 (408) 371-7589

DATE: June 14, 2011          Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* JP MORGAN CHASE BANK, N.A.

   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

(ENDORSED)
FILED

JUN 1 5 2011

David H. Yamasaki Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____
Deputy

1  WENDELL J. JONES, (State Bar No. 202302)
   1901 South Bascom Avenue
2  Suite 333
   Campbell, CA 95008
3  Telephone/ Facsimile: (408) 371-7589

4

   Attorneys for Plaintiff
5  DELORES MINIX

6           SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE COUNTY OF SANTA CLARA

8

9  DELORES MINIX, an individual          Case No: 1 1 C V 2 0 3 0 5 1

10              Plaintiff,               COMPLAINT FOR:
                                         MONETRAY DAMAGES
11     vs.                               STATUTORY DAMAGES, PUNITIVE
                                         DAMAGES, INJUNCTIVE RELIEF AND
12                                       DECLARATORY RELIEF

13 JP MORGAN CHASE BANK, N.A.;
   MORTGAGE ELECTRONIC                   1.   VIOLATION OF BUSINESS AND
14 REGISTRATION SYSTEMS, INC.; NDEX      PROFESSIONS CODE SECTION 17200;
   WEST, LLC and DOES 1-50, inclusive,   2.   INJUNCTIVE RELIEF;
15                                        3.   VIOLATION OF CIVIL CODE
                Defendants.              SECTION 1572;
16                                       4.   FRAUD;
                                         5.   INTENTIONAL
17                                       MISREPRESENTATION;
                                         6.   WRONGFUL FORECLOSURE
18                                       UNDER SECTION 2924;
                                         7.   QUIET TITLE
19

20

21

22

23

24

25

Plaintiff, DELORES MINIX, (Herein referred to as "Plaintiff") alleges herein as follows:

I.

## GENERAL ALLEGATIONS

1.    Plaintiff, DELORES MINIX at all times relevant has been a resident of the County of Santa Clara, State of California and the owner of Real Property, including but not limited to the property at issue herein, 636 Pima Drive, San Jose, CA 95123.

2.    JP MORGAN CHASE BANK, N.A., (hereinafter "CHASE") at all times herein mentioned was presumed to be doing business in the County of Santa Clara, State of California and alleged to be the Beneficiary regarding Plaintiff's Real Property as described above and as Situated in Santa Clara County, California.

3.    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter "MERS") at all times herein mentioned was presumed to be doing business in the County of Santa Clara, State of California and alleged to be the Beneficiary regarding Plaintiff's Real Property as described above and as Situated in Santa Clara County, California.

4.    Defendant NDEX WEST, LLC, (herein "NDEX") at all times herein mentioned is doing business in the County of Santa Clara, State of California and was listed on the Notice of Default and the Notice of Trustee's Sale.

5.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien. Or interest in the

1    property described in the complaint adverse to plaintiff's title, or any cloud on Plaintiff's title

2    thereto. Plaintiff will amend this complaint to allege their true names and capacities when

3    ascertained.

4         6.      Plaintiff is informed and believes and thereon alleges that, at all times herein

5    mentioned each of the defendants sued herein was the agent and employee of each of the

6    mentioned each of the defendants. Plaintiff alleges that each and every defendant alleged herein

7    ratified the conduct of each and every other defendant. Plaintiff further alleges that at all times

8    said defendants were acting within the purpose and scope of such agency and employment.

9         7.      Plaintiff financed the foregoing Real Property and on or about May 25, 2006

10   through E.C. I. CORPORATION by virtue of a Trust Deed and Notes securing the Loan.

11        8.      Plaintiff is informed and believes that directly after E.C. I. CORPORATION

12   caused MERS to go on title as the "Nominee Beneficiary" this is routinely done in order to hide

13   the true identity of the successive Beneficiaries when and as the loan was sold. MERS,

14
15   however, acted as if they were the actual beneficiary although a Nominee is and entity in whose

16   name a security is registered through true ownership is held by another party, in other words

17   MERS is not the Beneficiary but is used to hide the true identity of the Beneficiary. Based on

18   this failure to disclose, and the lack of consideration paid by MERS, Plaintiff alleges that the

19   Deed of Trust were never perfected and are a nullity as the MERS recording separates the Debt

20   from the Lien, and this is more so especially upon a sale of the Note and Trust Deed.

21        9.      Plaintiff further alleges that MERS acts as a Nominee for more than one

22   principal, and conceals their identity therefore if a Nominee is the same as an agent MERS

23   cannot act as an agent for multiple Banks, insurance and title companies and Mortgage

24   Companies because of a serious conflict of interest. In addition Plaintiff alleges that a Deed of

25

1  Trust cannot lawfully be held by a Nominee who has no financial interest in the instrument

2  without disclosing the identity of the actual Beneficiary, and that if a party with no interest in the

3  Note records it in their name the recorded deed is Nullity.

4     10.    Plaintiff further alleges that MERS failure to transfer beneficial interests as the

5  Note and Deed are sold further renders the Deed recording a nullity.

6     11.    Plaintiff further alleges Defendants CHASE and NDEX allege that Plaintiff

7  became in default of his loan. However this default of the loan was occasioned by the high

8  payments, the structure of the loan and interest rate. Furthermore, Plaintiff was not in default

9  because of the prior breach of the terms of the notes by Defendants, and each of them, and

10 therefore, the performance of Plaintiff is excused. In addition, the Declaration of Due Diligence

11 attached to the Notice of Default is invalid pursuant to *California Civil Code 2923.5 et seq.* The

12 Notice of Default is VOID because the required "**penalty of perjury**" and signature of a person

13 with "**actual knowledge**" is missing which will be discussed later in the complaint.

14 Furthermore, Plaintiff alleges, that Defendants CHASE and NDEX did not have a power to

15 record the Notice of Default, NDEX was not the trustee of the record at the time of the

16 recordation of the Notice of Default. On information and belief, although NDEX is claiming to

17 be "either the duly appointed Trustee, the substitute Trustee or acting as agent for Beneficiary

18 under the Deed of Trust", the Official Records in the Office of the Recorder of Santa Clara

19 County, California does not contain any evidence of the recordation of the Substitution of

20 Trustee before the recordation of the Notice of Default, therefore making the Notice of Default

21 VOID as matter of law.

22

23

24

25

12.   Plaintiffs further allege that Defendants violated *California Civil Code Section 2923.5*, prior to filing a Notice of Default, *California Civil Code Section 2923.5* of the California Civil Code provides in pertinent part:

(1) *A trustee may not file notice of default pursuant to Section 2924 until 30 days after contact is made* as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

(2) *An authorized agent shall contact the borrower* in person or by telephone *in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.* During the initial contact, the mortgage, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

(3) *A notice of default filed pursuant to Section 2924 shall include a* **declaration** *from the mortgage, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section,* or the borrower has surrendered the property to the mortgage, trustee, beneficiary, or authorized agent.

13.   Plaintiff alleges that the Notice of Default did not include a Declaration satisfying the due diligence requirements and the date of the actual recordation of the Notice of Default pursuant to *California Civil Code Section 2923.5 et seq.*

14.   Plaintiff hereby alleges that Defendants CHASE, MERS and NDEX are attempting to unlawfully foreclose on Plaintiff's Property.

15.     Plaintiff is informed and believes and thereon alleges that throughout the United States foreclosures are being undertaken by parties who are not real parties at interest, who are not the holders in due course of the original promissory note, and have no standing to order said foreclosures, therefore such foreclosures in invalid, void and null.

## Holder in Due Course of a Promissory Note

16.     Due to the non-judicial foreclosure process set up by the California legislature more than one hundred years ago, at a time when the separation of a note from a deed, and the selling of notes as asset backed securities were completely unheard of an unexpected, it was not foreseen by the legislature that a party one day ordering a trustee to sell a property by trustee sale would not actually be the holder in due course of the note with the power of sale clause that allows the holder to order a trustee sale. Parties who are now ordering trustees to sell deeds are rarely the holder in due course of that note, as is required by *California Commercial Code Section 3301*.

17.     Therefore, since the legislature did not foresee such an abuse of the non-judicial foreclosure sale process they created, the fraudulent lending industry now makes good use of this oversight by ordering properties sold with no standing to do so, and these sales do largely unchallenged by homeowners who have no knowledge that fraud is being committed on them, and no opportunity to assert their rights and challenge the proceedings, because there is no due process, no hearing, no day in court afforded to the borrowers before their homes are sold.

18.     Under California law, an instrument (including a secured note) may only be enforced by the "holder" of the note *Commercial Code Section 3301 (a)*. For an instrument payable to an unidentified person, there are two requirements for a person to qualify as a holder:

(a) the person must be in possessions of the instrument, and (b) the instrument must be payable to that person. *Id.*

19.     Under California Civil Code Section 2932.5:

Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded. [Emphasis added].

20.     Defendants CHASE and NDEX issued or caused to be issued an unauthorized Notice of Default which in turn tainted the Trustees Sale itself and rendered it unauthorized as well.

21.     That none of these Defendants, and each of them, were ever disclosed as the beneficiary in accordance with *California Code of Civil Procedure Section 2924 et seq.*

22.     Moreover the California Legislature passed Senate Bill 1137, impacting residential mortgage lenders, foreclosure procedures and eviction procedures. The Governor has signed this law into effect and it has taken effect as Urgency Legislation. The law has three pertinent parts. It amends California *Code of Civil Procedure Section 1161(b)* regarding notice of an eviction. It adds a provision strengthening the right of local governments to adopt "blight" ordinances and moreover, it modifies the non-judicial foreclosure procedures set forth in *California Civil Code Section 3924.* The legislature recognized that the need for such legislation by stating as follows:

"...It is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by modifying the foreclosure process to require mortgagee, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure..."

23.   This law is effective immediately and extends on to January 1, 2013. This law impacts owner-occupied primary residences only and only loans made on January 1, 2003 and December 3, 2007. *California Civil Code Section 2924* states in part:

Foreclosure:

The primary purpose for the Statue is foreclosure procedures and imposes an unprecedented duty upon lenders relation to contact with borrowers. The Statute amends provisions of the non-judicial foreclosure procedures found in *California Code of Civil Procedure Section 2924*, by adding requirements for meetings, due diligence, and notification of counseling. Some of the more important provisions include all of the following:

- The lender, beneficiary or authorized agent must wait thirty (30) days after contact is made with the borrower, or thirty days (30) after satisfying the due diligence requirements set forth in the Statue, in order to commence the filing of a Notice of Default.
- The contact requires that the borrower's financial situation be assessed and requires that the borrower and lender explore options for the borrower to avoid foreclosure. *This was not done by Defendants or lender.*
- The Statute requires the lender or their authorized agent to advise the borrower that the borrower has the right to a subsequent meeting with fourteen (14) days of the initial contact.
- The borrower is to be provided a toll free telephone number available at HUD for certified housing counseling agencies.
- The borrower may designate an authorized agent, such as a counseling service, REALTOR® or attorney, to act as their authorized agent but must expressly approve any workout agreement reached by that agent.
- The Notice of Default must include a declaration indicating that the lender has made the contact or made a diligent effort to make the contact and will not apply in the event of surrender of the property.
- If the Notice of Default was already recorded prior to the date of the Statute, this declaration must be included in Notices of Sale.
- In the event that the lender is initially unable to contact the borrower, they must attempt telephone contact on three separate occasions at three different times.
- The lender must provide the borrower with an (800) number that will be answered by a live person during normal business hours and provide certain links to web pages. The web page mist be a prominent link and must link to the following information:

-Options for borrowers who cannot afford their payments.
-A list of financial documents to gather when discussing their options.
-A toll-free telephone number available by HUD for certified counseling services.

-A toll-free telephone number for borrowers to discuss options to avoid foreclosure with the lender or lender's representative. *Defendants did not fully comply with this code therefore the title is not duly perfected.*

24. Plaintiff further alleges on information and belief that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

25. Plaintiff further alleges that the foreclosure sale of the Subject Property was not executed in accordance with the requirements of *California Civil Code Sections 2923.5, 2932.5* and *Commercial Code Section 3302 et seq.*

26. That the notices and foreclosures failed to conform with the provisions of *California Civil Code Sections 2923.5, 2932.5 et seq.*, and *Commercial Code Section 3302 et.seq.* Furthermore, the Notice of Default did not include a valid declaration attached which would include the "**penalty of perjury**" disclosure and signed by the agent with "**personal knowledge**". Therefore, the Notice of Default is invalid.

27. Plaintiff further alleges that *California Civil Code Section 2924 et seq.* and its subparts are being applied to Plaintiff in a manner that is unlawful, because at least in part the party acting as the Trustee proceeded with the foreclosure of Plaintiff's Subject Property notwithstanding the fact that the Trustee was not in possession of the original Note, that the Notre when it was assigned, the assignment by MERS and its assigns, did not convey the power of sale because it violated the terms of *California Civil Code Section 2932.5*, that the assignment when it was made, that the Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of *Pribus v. Bush*, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptc.747, although there was sufficient room on

the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff's subject property did not confirm to the strict mandates of *California Civil Code Section 2924.*

28.    That by virtue of the method and manner of Defendants carrying out *Civil Code Section 2924 et seq.*, the attempted foreclosure of the Subject Property is void ab initio as a matter of law.

29.    Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: *California Civil Code Section 2924 et seq. and 2932.5 et seq.*, and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

30.    The Gravaman of Plaintiff's complaint is that Defendants violated State laws which were specifically enacted to protect such abusive, deceptive, and unfair conduct by Defendants, and that Defendants cannot legally enforce a non-judicial foreclosure.

31.    Plaintiff is a "debtor" as defined by the Rosenthal Act, *California Civil Code 1788.2(h).*

32.    Defendants are engaged in the collection of debts from consumers using the mail and telephone.

33.    Defendants regularly attempt to collect consumer debts alleged to be due to another.

34.    Defendants are "debts collectors" as defined by the Rosenthal Act, *California Civil Code Section 1788.2(c).*

35.    The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by Rosenthal Act, *California Civil Code Section 1788.2(f).*

Defendants' Lack Standing To Conduct A Non-Judicial Foreclosure Pursuant To
California Civil Code 2932.5

36.    Defendants have no standing to enforce a non-judicial foreclosure.

37.    Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale.

38.    In California, *California Civil Code 2932.5* governs the Power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments: "*Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.*"

39.    Since the Defendants did not comply with *California Civil Code 2932.5*, the Notice of Default provisions of *California Civil Code 2924* and Notice of Trustee's Sale provisions of *California Civil Code 2924(f)* were likewise never complied with.

Defendants' Lack of Standing to Enforce a Non-Judicial Foreclosure Pursuant to
California Commercial Code 3301

40.    A promissory note is person property and the deed of trust securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. *California Civil Code 657 and 663. Kirby v. Palos Verdes Escrow Co.*, 183 Cal.App.3d 57, 62.

41.    Any transfers of the notice and mortgage fundamentally flow back to the note: "*The assignment of a mortgage without a transfer of the Indebtedness confers no right, since*

debt and security are inseparable and the mortgage alone is not a subject of transfer." *Hyde v. Mangan* (1891) 88 Cal. 319, 26 P 180, 1891 Cal LEXIS 693; *Johnson v. Razy* (1919) 181 Cal 342, 184 P 657; 1919 Cal LEXIS 358; *Bowman v. Sears* (1923). Cal App) 63 Cal App 235, 218 P 489, 1923 Cal App LEXIS 199; *Treat v. Burns* (1932) 216 Cal 216, 13 P2d, 724, 1932 Cal LEXIZ 554.

42.     "A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured id a legal nullity." *Kelley v. Upshaw* (1952) 39 Cal 2d 179, 246 P2d 23, 1952 Cal LEXIS 248.

43.     "A trust deed has no assignable quality independent of the debt; it may not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without a transfer of the debt is without effect." *Domarad v. Fisher & Burke, Inc.* (1969 Cal. App. 1st Dist) 270 Cal. App. 2d 543, 76 Cal. Rptr. 529, 1969 Cal. App. LEXIS 1556.

44.     The Promissory Note is a negotiable instrument.

45.     Transferring a Deed of Trust by itself does not allow enforcement of the instrument unless the Promissory Note is properly negotiated.

46.     Where an instrument has been transferred, enforceability is determined based upon possession.

47.     *California Commercial Code 3301* limits a negotiable instrument's enforcement to the following:

*"Person entitled to enforce" an Instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.*

48. None of the Defendants are present holders of the instrument.

49. None of the Defendants are non-holders in possession of the instrument who has rights of the holder.

50. None of the Defendants are entitled to enforce the instrument pursuant to section 3309 or Subdivision (d) of Section 3418.

51. Defendants have no enforceable rights under *California Commercial Code* 3301(a) to enforce the negotiable instrument.

52. Since there is no right to enforce the negotiable instrument, the Notice of Default provisions of *California Civil Code 2924* and Notice of Sale provisions of *California Civil Code 2924(f)* were likewise never complied with, and there is no subsequent incidental right to enforce any deed of trust and conduct a non-judicial foreclosure.

53. That the Trustee and the loan servicer are acting as agents of the Beneficiary and signing documents as the agent of the agent of the agent of the Beneficiary for Plaintiff's Note and the notices therein, notwithstanding the facts that the Note was not negotiable prior to the sale of the Subject Property.

54. That by virtue of the method and manner of Defendants carrying out *Civil Code Section 2924 et seq.*, the foreclosure of the Subject Property is **VOID** ab initio as a matter of law.

II.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200)**
(As Against All Defendants)

55. Plaintiff repeats and re-alleges each of the allegations set forth above.

56.   Beginning on May 25, 2006, and continuing to the present time, Defendants committed acts of unfair competition as defined by *Business and Professions Code Section 17200*, by engaging in the following practices:

57.   These acts and practices, as described in the previous paragraphs, violate *Business and Professions Code Section 17200* because their policies and practices described above violate all of the statues as previously listed and *California Civil Code Section 1709*, and consequently, constitute and unlawful business act of practice within the meaning of *Business and Professions Code Section 17200*.

58.   The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code Section 17200*.

59.   Further, the foregoing conduct threatens an incipient violation of a consumer law, including or violates the policy or spirit of such law or otherwise significantly threatens or harms competition. Defendants' practices described above are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of *Business and Professions Code Section 17200*. The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading advertising present a continuing threat to members of public in that other consumers will be defrauded into closing on similar fraudulent loans. Plaintiff and other members of the general public have no other adequate remedy of law.

60.   As a result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact. Defendants received and continue to hold Plaintiff's money and other members of the public who fell victim to Defendants' scheme.

SECOND CAUSE OF ACTION
INJUNCTIVE RELIF
(Against All Defendants)

61.   Plaintiff repeats and re-alleges each of the allegations set forth above.

62.   Plaintiff seeks a determination as to the legal status of the parties as to the Adjustable Rate Note and the Deed of Trust.

63.   The Adjustable Rate Note states that the Lender is E.C.I. CORPORATION.

64.   It also states. "Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the "Note Holder.""

65.   The Deed of Trust which sited the lender as E.C.I. CORPORATION and stating in the definition section that:

"MERS" is Mortgage Electronic Registration System. Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns; MERS is the beneficiary under this Security Instrument.

66.   Additionally, based upon information and belief, MERS is not qualified to do business in the state of California and therefore, would not have standing to seek non-judicial remedies as well as judicial remedies.

67.   MERS was NOT and never has been a Beneficiary of this loan or any other. MERS is solely a registration service for tracking these Trust Deeds and mortgages and also the Notes. MERS records these Trust Deeds in their name as a "nominee", with NO actual ownership interest in these Loans. the purpose is allegedly to allow the sale and transfer of these instruments without the need for further recordation, however what actually occurs is that the real Beneficiary remains obscured. and unknown. In addition MERS IS NOT a TRUSTEE and has no rights to collect any Trust Deeds payments on the Note, neither does MERS have any right to enforce the notes or to be a party in any Foreclosure proceedings. Yet MERS has

1   represented itself under oath in this case to be the BENEFICIARY and in that "state" but "false"

2   capacity has unlawfully nominate a successive trustee.

3       68.    While MERS remain on title as a "nominee" for the Trust Deed and Note both

4   are sold on several occasions afterward and ultimately bundled as a security and sold to a final

5   investor. MERS actually helps to conceal the real beneficiary which is in violation of California

6   statutory law, *Cal. Civ. Code Sec. 2924 et seq.* The Beneficiary is completely shielded and not

7   disclosed as required.

8       69.    Defendants should be required to provide the original note with the appropriate

9   endorsements thereon to Plaintiff or this Honorable Court so that it may determine under

10  California law, who owns the right to receive payments and exercises the rights relating to said

11  ownership.

12      70.    Only the Note Holder is authorized to collect payments and, in the event of a

13  default, commence foreclosure proceedings, including authorizing the substitution of a Trustee.

14      71.    Until Defendants are able to provide Plaintiff and this Honorable Court the

15  aforementioned documents, this Honorable Court should order that Plaintiff is not required to

16  make any further payments on the Adjustable Rate Note and enjoin any further collection

17  activity on the Note, including staying the count down towards the date a Notice of Trustee's

18  sale may be filed and served.

19

20                          **THIRD CAUSE OF ACTION**

21              <u>VIOLATION OF CIVIL CODE SECTION 1572</u>
                          (As to All Defendants)
22

23      72.    Plaintiff repeats and re-alleges each of the allegations set forth above.

24

25

73. The misrepresentations by Defendants' and/or Defendants' predecessors, failures to disclose, and failure to investigate as described above were made with the intent to induce Plaintiff to obligate himself on the Loan in reliance on the integrity of Defendants and/or Defendants' predecessors.

74. Plaintiff is an unsophisticated customer whose reliance upon Defendants and/or Defendants' predecessors was reasonable and consistent with the Congressional intent and purpose of *California Civil Code Section 1572* enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

75. As an unsophisticated customer, Plaintiff could not have discovered the true nature of the material facts on his own.

76. The accuracy by Defendants and/or Defendants' predecessors of representation is important in enabling consumers such as Plaintiff to compare market lenders in order to make informed decisions regarding lending transactions such as a loan.

77. Plaintiff was ignorant of the facts which Defendants and/or Defendants' predecessors misrepresented and failed to disclose.

78. Plaintiff's reliance on Defendants and/or Defendants' predecessors was a substantial factor in causing their harm.

79. Had the terms of the Loan been accurately represented and disclosed by Defendants and/or Defendants' predecessors, Plaintiff would not have accepted the loan nor been harmed.

80. Had Defendants and/or Defendants' predecessors investigated Plaintiffs' financial capabilities, they would have been forced to deny Plaintiff on this particular loan.

81.     Defendants and/or Defendants' predecessors conspired and agreed to commit the above mentioned fraud.

82.     As a proximate result of Defendants and/or Defendants' predecessors' fraud, Plaintiff has suffered damage in an amount to be determined at trial.

83.     The conduct of Defendants and/or Defendants' predecessors as mentioned above was fraudulent within the meaning of *California Civil Code Section 3294(c )(3)*, and by virtue thereof Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

## FOURTH CAUSE OF ACTION
### FOR FRAUD
(Against All Defendants)

84.     Plaintiff repeats and re-alleges each of the allegations set forth above.

85.     An employee of NDEX executed on behalf of the alleged Beneficiary a "Notice of Default" which stated that the payments due to MERS as Beneficiary.

86.     On the Notice of Breach, it stated, in part, that Plaintiff as Trustor, to secure certain obligations in favor of Defendants, as beneficiary.

87.     It further states that:

That by reason thereof, of the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations served thereby.

88.     This representation was made by these Defendants in order to induce reliance by Plaintiff.

89.     Plaintiff did rely on these representations and because of his reliance his property will be foreclosed and Plaintiff reliance will be justified.

90.     Plaintiff is informed and believes that the representation as stated on the Notice of Default were a false representation in the following particular(s).

91.     Documents were not provided to the trustee that showed that CHASE was entitled to the payments.

92.     Plaintiff alleges that Defendants, and each of them, were engaged in an illegal scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal and undisclosed yield spread premiums, and undisclosed profits by the sale of any instruments arising out of the transaction and to make loans to borrowers that they could not afford to repay given their stated financial situation. Plaintiff alleges that Defendants, and each of them, have represented to Plaintiff and to third parties that they were the owner of the Trust Deed and Note as either the Trustee or the Beneficiary regarding Plaintiff's real property. Based on this representation they caused a Notice of Default to be issued and recorded without disclosing their true role, and thereafter a notice of intent to foreclose, permanently affecting Plaintiff's right, title and interest in the Subject Property. In fact, Plaintiff alleges that the promissory notes which was executed by Plaintiff and which initially formed a basis of a security interest in the subject property, was assigned in violation of *Civil Code Section 2923.5 et seq.*, because the assignment was not recorded, and as such the promissory note was rendered as non-negotiable and no power of sale was conveyed with the note at the time of the assignment, and therefore, Defendants, and each of them, had no lawful security interest in the subject property.

### FIFTH CAUSE OF ACTION
### FOR INTENTIONAL MISREPRESENTATION
(Against all Defendants)

93.   Plaintiff repeats and re-alleges each of the allegations set forth above.

94.   Plaintiff is informed and believes that the representation as stated on the Notice of Default and each of them were a false representation in the following particular(s):

[A] Documents were not provided to the trustee that showed any of the Defendants as the Beneficiary and entitled to the payments.

[B] At the time Defendants made the representations they knew were false and were made for the sole purpose of inducing reliance and confusing the Plaintiff.

## SIXTH CAUSE OF ACTION
## WRONGFUL FORECLOSURE IN VIOLATION OF CALIFORNIA CIVIL CODES SECTION 2923.5 AND SECTION 2924
### (Against all Defendants)

95.   Plaintiff repeats and re-alleges each of the allegations set forth above.

### Recording of an Assignment Prior to Foreclosure

96.   *Cal.Civ. Code Section 2923.5* provides a condition precedent for an assignee of a Deed of Trust prior to commencing a foreclosure:

Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee *if* the assignment is duly acknowledged and recorded. (Emphasis added).

97.   Defendants drafted the Deed of Trust and Plaintiff had no opportunity to negotiate the terms of the instrument.

98.   Defendants CHASE, MERS and NDEX failed to record the assignment prior to commencing the foreclosure as such the Foreclosure was not conducted in accordance with *Cal.Civ. Code Sec 2924 and 2932.5.*

Invalid Notice of Default

99.     There is in existence a certain written instrument which purports to be a Notice of Default that is in the possession of Defendants, and each of them.

100.    The written instrument alleged in Paragraph "85" was procured as follows: Defendants cannot prove that the non-judicial foreclosure, strictly complies with the tenets of *California Civil Code Sections 2923.5 and 2924* in order to maintain an action for possession pursuant to *California Civil Code Procedure Section 1161*. As of September 6, 2009, *California Civil Code Section 2923.5* applies to loans made from January 1, 2003, to December 31, 2007, and loans secured by residential real property that are for owner-occupied residences. For purposes of *California Civil Code Section 2923.5*, "owner-occupied" means that the residence is principal residence of the borrower. Prior to filing a Notice of Default, *California Civil Code Section 2923.5* of the California Civil Code provides in pertinent part:

(1) *A trustee may not file a notice of default pursuant to Section 2924 until 30 days after contact is made* as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

(2) *An authorized agent shall contact the borrower* in person or by telephone *in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.* During the initial contact, the mortgagee, beneficiary or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

(3) ~~A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower,~~ *tried with due diligence to contact the borrower as required by this section,* or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

Missing/Invalid Declaration on notice of Default and Notice of Trustee's Sale

101.    The purpose of permitting a declaration under penalty of perjury, in lieu of a sworn statement, is to help ensure that declarations contain a truthful factual representation and

are made in good faith. ( In re *Marriage of Reese & Guy*, 73 Cal. App. 4th 1214, 87 Cal. Rptr. 2d

339 (4th Dist. 1999)).

    102.   In addition to *California Civil Code Section 2923.5*, *California Code of Civil*

*Procedure Section* 2915.5 states:

> Whenever, under any law of this state or under any rule, regulation, order or
> requirement made pursuant to the law of this state, any matter is required or
> permitted to be supported, evidenced, established, or proved by the sworn
> statement, declaration, verification, certificate, oath, or affidavit, in writing of the
> person making the same, such matter may with the force and effect be supported,
> evidenced, established or proved by the unsworn statement, **declaration**,
> verification, or certificate, in writing of such person which recites that is certified
> or **declared by him or her to be true under penalty of perjury**, is subscribed by
> him or her, and (1). if executed within this state, states the date and place of
> execution; (2) if executed at any place, within or without this state, states the date
> of execution and that is so certified or declared under the laws of the State of
> California. The certification or declaration must be in substantially the following
> form:
>
>     (a) If executed within this state:
>
> "I certify (or declare) under penalty of perjury that the foregoing is true and
>
> correct":
>
> _____        _____
>
> (Date and Place)               (Signature)

    103.   For our purposes we need not look any farther than the Notice of Default to find

the declaration is missing or is invalid as mandated by new *California Civil Code Section*

*2923.5(c)*. (*Blum v. Superior Court* (Copley Press Inc.) (2006) 141 Cal App 4th 418, 54 Cal.

Reptr. 3d 902). Therefore, since the declaration is missing, the Notice of Default is considered

void.

104. These Defendants did not adhere to the mandates laid out by congress before a foreclosure can be considered duly perfected. For the aforementioned reasons, the Notice of Default will be void as a matter of law.

### Lack Of Personal Knowledge of Declarant

105. An affidavit on behalf of a corporation must show that it was made by an authorization officer or agent, and the officer him or herself must wear to the facts. Furthermore, a person who verified a pleading is required to have personal knowledge of reasonable cause to believe the existence of the facts stated therein. Here, the Declaration for the Notice of Default by the agent does not state if the agent has personal knowledge and how he obtained this knowledge. The proper function of an affidavit is to state facts, not conclusions, and affidavits that merely state conclusions rather than facts are insufficient. An affidavit must set forth facts and show affirmatively how the affiant obtained personal knowledge of those facts. The Notice of Default **does not have** the required agent's personal knowledge of facts and it the Plaintiff, borrowers were affirmatively contacted in person or by telephone to assess the Plaintiff's financial situation and explore options for the Plaintiff to avoid foreclosure. Simply put, the declaration was invalid all together.

### Recording a False Document

106. Furthermore, according to California Penal Code Section 115 in pertinent part:

> (a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.

> (b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

In addition, *California Evidence Code Section 669* states in pertinent part:

(a) The failure of a person to exercise due care is presumed if:
(1) He violated a statute, ordinance, or regulation of a public entity:

Here, as state above the Declaration of Due Diligence as required by *Section 2923.5* of the California Civil Code is invalid for the Notice of Default. Therefore, Defendants are guilty of a felony for recording the Notice of Default with a false instrument according to *California Penal Code Section 115*. Since Defendants violated a statute, the failure of them to exercise due care will be presumed.

107.    The written instrument alleged in Paragraph "85" was also procured as follows: By an invalid sale conducted on the part of Defendants, and each of them, in violation of statutes including, but not limited to: Plaintiff is informed and believes and thereupon alleges that the NOTE was invalid and unenforceable due to the intentional and willful violations including but, not limited to: *California Civil Code 2924b etc. et seq., California Civil Code Sections 2924b(a), 2924b(d), 2924b(e)* by failing and/or refusing to mail the Notice of Default within ten business days to Plaintiff, by failing and/or refusing to post and mail the Notice of Default; by failing and/or refusing to mail Plaintiff the Notice of Default within one month pursuant to *California Civil Code Section 2924b(c (1), (2)):* by failing and/or refusing to properly set the sale date pursuant to *California Civil Code Section 2924f(b):* by failing and/or refusing to publish the Notice of Sale twenty days prior to the date set for sale pursuant to *California Civil Code Section 2924f(b):* by failing and/or refusing to record the Notice of Sale pursuant to *California Civil Code Section 2924g(d).*

108.    Since the enumerated law was effective as of September 6, 2008, the purported sale of the property at issue is invalid pursuant to *California Civil Code Sections 2923.5* and *2924,* and thus the Defendants' claim of title and allegation thereto is erroneous.

109.     Plaintiff alleges those Defendants, and each of them, willfully, wrongfully and without justification, and without privilege conducted an invalid foreclosure sale against the Plaintiff's SUBJECT PROPERTY, thereby, slandering Plaintiff's title thereto.

110.     Furthermore, the aforementioned acts of Defendants, and each of them, were motivated by oppression, fraud, malice in that Defendants, and each of them, by their respective acts, omissions, nonfeasance, misfeasance and/or malfeasance executed an invalid foreclosure sale of the Plaintiff's SUBJECT PROPERTY, in order to deny Plaintiff of his rights of possession and ownership, whereupon, the Foreclosure was defective as such the Property must be restored to Plaintiff or Plaintiff is entitled to the value thereof.

**SEVENTH CAUSE OF ACTION**
**QUIET TITLE**
**(AS TO ALL DEFENDANTS)**

111.     Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

112.     Defendants' claims are without any right, and Defendants have no right, title, estate, lien, or interest in the property described in paragraph 1.

113.     Plaintiff is and at all times herein mentioned entitled to possession of the property described in paragraph 1.

114.     Plaintiff is informed and believes and thereupon alleges that Defendant and each of them, claim an interest in the property adverse to plaintiff herein. However, since the Defendant has yet to produce the original note, the claim of said Defendant is without any right whatsoever, and said Defendant has no legal or equitable right, claim, or interest in said property.

115.     Plaintiff names as Defendants in this action all persons unknown claiming (a) any legal or equitable right, title, estate, lien, or interest in the property described in the complaint

adverse to plaintiff's title, or (b) any cloud on plaintiff's title to the property. The claims of each unknown defendant are without any right, and these defendants have no right, title, estate, lien, or interest in the property described in paragraph 1.

116.    Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff.

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief against the Defendants:

1.  Actual Economic and Non-Economic Damages;

2.  For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default;

3.  For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all persons acting under, for, or in concert with them, form foreclosing on Plaintiff's Home or from conducting a trustee's sale or causing a trustee's sale to be conducted to relative to Plaintiff's Home;

4.  Cancellation of the sale and restitution of the home to the Plaintiff;

5.  For damages as provided by statute'

6.  For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

7.  For an Order, requiring Defendant to reinstate Plaintiff on title to his Property, and or a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction therefore;

8. For exemplary and punitive damages;

9. Costs and reasonable attorney's fees pursuant to *California Civil Code Section 171, Section 1788.30(b), Section 1788.30(c);*

10. For such other and further relief as the court may deem just and proper.

Dated: _____June 14, 2011_____

Wendell J Jones
Attorney for Plaintiff

# EXHIBIT 2